■ In the Matter of FREDERICK DIAZ, Appellant, v NEW YORK STATE OFFICE OF MENTAL HEALTH, Respondent. [649 NYS2d 74] —Yesawich Jr., J. Appeal from a judgment of the Supreme

Court (Harris, J.), entered April 4, 1995 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's request for copies of his mental health records.

While an inmate at Great Meadow Correctional Facility in Washington County, petitioner was granted permission to review, pursuant to Mental Hygiene Law § 33.16 (b) (1), his mental health records. His request for a copy of these records (see, Mental Hygiene Law § 33.16 [b] [5]) was, however, denied. Upon petitioner's appeal, respondent's Medical Records Access Review Committee upheld the denial of petitioner's request for copies, finding that the confidentiality of the records could not be safeguarded in petitioner's prison housing area. The Committee expressed concern that the information contained in petitioner's mental health records could cause him danger if discovered by other inmates or prison staff.

Petitioner commenced this CPLR article 78 proceeding seeking to set aside the Committee's determination. Supreme Court, finding the denial of petitioner's request to have been rational and reasonable under the circumstances, dismissed the petition, and this appeal ensued. We affirm.

The realities of the prison environment, and the concomitant need of prison officials to insure the health and safety of the inmates by, as here, preserving the confidentiality of certain potentially damaging documents, are manifest. In this case, the reason proffered by the Committee—that extended review of these clinical records by petitioner, without professional presence, or discovery of their contents by other inmates or staff, could prompt violent behavior against petitioner or others—constitutes ample and reasonable basis for the denial of petitioner's request for copies (see, Mental Hygiene Law § 33.16 [c] [1], [3]; cf., Matter of Billups v Rizzo, 228 AD2d 587). Accordingly, Supreme Court did not err in finding the Committee's determination to have been neither arbitrary nor capricious.

Mikoll, J. P., Casey, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.